UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-40-TAV-JEM |
| DREW THOMAS MARTIN, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Drew Thomas Martin's Unopposed Motion to Continue All Deadlines and Trial [Doc. 54], filed on October 31, 2025.

Defendant requests the Court to continue the plea deadline, set for November 3, 2025, and the trial date, set for December 2, 2025 [*Id.*]. In support of the motion, Defendant states that his counsel and the Government continue to be in good communication and are working toward a resolution in this matter [*Id.* ¶ 1]. The parties are requesting additional time to finalize the details of a potential agreement [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 5]. Defendant understands and agrees that the time period of this continuance is excluded from the speedy trial computation [*Id.* ¶ 3]. Defendant also submits that he remains an active, successful participant in Knox County's Veteran Treatment Court program and that he is in full compliance with the program [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to confer with the Government regarding a potential resolution, and otherwise prepare for trial if the conversations are not successful. The Court finds that all of this cannot occur before the December 2, 2025 trial date.

The Court therefore **GRANTS** Drew Thomas Martin's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 14**]. The trial of this case is reset to **January 13, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 31, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Drew Thomas Martin's Unopposed Motion to Continue All Deadlines and Trial [**Doc. 14**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 13, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 31, 2025**, and the new trial date of **January 13, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 12, 2025**;

(5) the deadline for filing motions *in limine* is **December 29, 2025**, and responses to motions *in limine* are due on or before **January 6, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 18, 2025, at 11:00 a.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 5, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3

Case 3:25-cr-00040-TAV-JEM  Document 15  Filed 11/06/25  Page 3 of 3  PageID #: 34