UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,      )
                                )
            Plaintiff,          )
                                )
v.                              )      No.:   3:25-CR-40-TAV-JEM
                                )
DREW MARTIN,                    )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on April 28, 2026 [Doc. 30]. The R&R addresses the government's oral motion to revoke defendant's release pending sentencing [*See* Doc. 23]. Judge McCook held a detention hearing on April 8, 2026 [Doc. 25], and the parties filed further briefing on April 20, 2026 [Docs. 28, 29]. Judge McCook then issued the R&R [Doc. 30], recommending that the Court grant the government's oral motion to revoke defendant's release pending sentencing and that defendant be detained pending sentencing in this case. The government has filed a notice of no objections to the R&R [Doc. 31], defendant has filed objections to the R&R [Doc. 32], and the government has responded to defendant's objections [Doc. 33]. Accordingly, this matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court will **OVERRULE** defendant's objections [Doc. 32], **ACCEPT** and **ADOPT** the R&R [Doc. 30] in whole,

and **GRANT** the government's oral motion to revoke defendant's release pending sentencing.

## I.     Background

The Court presumes familiarity with the background of this matter as set forth in the R&R [*See* Doc. 30, pp. 1–5].  As neither party has objected to this portion of the R&R, the Court incorporates it in part below:

> Following his initial appearance on the Indictment, the undersigned placed Defendant on pretrial release supervision on May 8, 2025.  On January 13, 2026, Defendant pled guilty to all counts in the Indictment, which included two counts of knowingly receiving and possessing an unregistered firearm, in violation of Title 21, United States Code, Sections 5481, 5845(a), 5861(d), and 5871, and one count of knowingly possessing a firearm that had the manufacturer's serial number removed and obliterated, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B), before United States District Judge Thomas A. Varlan.  Judge Varlan allowed Defendant to remain on release on conditions pending his sentencing hearing. . . .

> On March 12, 2026, Judge Varlan signed a Petition for Action on Conditions of Pretrial Release ("Petition") and issued a warrant for Defendant's arrest.  One day later, Defendant appeared before Magistrate Judge Debra C. Poplin for an initial appearance on the Petition.  During the initial appearance, the Government moved to revoke Defendant's release and detain him.  Defendant requested a hearing and the Court temporarily detained him pending the hearing.

> The undersigned held a detention hearing on April 8, 2026. . . .  At the hearing, the Government called Laurel Martin ("Ms. Martin"), Defendant's ex-wife, to testify.  She testified that she has a current order of protection against Defendant that prevented him from making any contact with her. The Government introduced the order of protection.  Ms. Martin explained that she originally had an order of protection from December 2024 and that she renewed it in February 2026.  She said that she goes to church on Sunday, and that when she was with Defendant, she would go every Sunday and almost every Wednesday, and that he would come with her when he wanted to.  She testified that on Sundays, she gets to the church at

2

8:00 a.m. and would attend the 9:30 a.m. Bible study, which Defendant would attend with her, and that the church has kept that same schedule. On the day in question, Ms. Martin attended church and then went to Bible study, where she saw Defendant's truck drive by on Middlebrook Pike through the blinds of the window of the church. She stated that she saw Defendant drive by a total of six times within five to ten minutes. Ms. Martin attested that she knew it was him because his truck is distinct and she had seen him in the vehicle. Ms. Martin had the hearing to renew the order of protection ten days prior and said she was inside and that she was scared for her safety, in part because he had been suicidal in the past. She argued that Defendant knew there was an officer on site, that he knew where the windows were, and that he knew where to drive at the right time on the right day in front of the right place. Ms. Martin testified that prior to this incident, he had not attempted to drive around the church. Ms. Martin notified law enforcement. Prior to this incident, Ms. Martin testified that she was not aware of Defendant driving around the church before but was aware that he had gone to the grocery store near the church one time before.

On cross-examination, Ms. Martin said that a previous order of protection was effective until February 2026, when she went to Court to renew it. Ms. Martin confirmed that Defendant pled guilty to a misdemeanor domestic assault charge in April 2025 and was placed on supervised probation with Knox County on an ankle monitor, as well as began a diversionary program with Knox County Veteran Treatment Court ("VTC"). Ms. Martin explained that although the ankle monitor had been removed because Defendant had completed the diversionary program, she still feared for her life and that is why she had renewed the order of protection. Ms. Martin said that while he had not directly contacted her in violation of the protective order, he had a third-party attempt to contact her instead in March 2025. She admitted, however, that a violation was ultimately not pursued. Ms. Martin acknowledged that the road Defendant was driving on is a main thoroughfare and is busy but maintained that Defendant was not supposed to be there, and that he was not supposed to be on the road at the time he was on his ankle monitor, and that he knew she would be there at that time. Ms. Martin said that Defendant did not live in the neighborhood where the church is located. Defense counsel then introduced a map depicting the church and Middlebrook Pike, the road that Defendant was seen driving on. Ms. Martin was asked if Defendant entered the church property; Ms. Martin testified that he may have pulled into the property but she was not certain, which is why she did not so inform law enforcement. She confirmed that Defendant did not contact her after his March 9 arrest.

3

On re-direct examination, Ms. Martin testified that she was so distressed to see him pass by the church because over the years Defendant had been aggressive with her, and that when they were newly married, he told her that if they ever divorced, he would kill her. She testified that Defendant had beaten her and her son and had pointed a gun at her in the past. She further testified that he had said he was going to kill himself many times during their marriage.

On re-cross, Ms. Martin confirmed that she did not inform Defendant that she was going to be at church that Sunday.

Defense counsel proffered that Defendant was arrested on the Indictment on this case on May 8, 2025, and was released on conditions, with one condition being that he continue his participation in VTC. Counsel highlighted that Defendant has a long history of complying with his pretrial release conditions, as evidenced by his participation in VTC. Defendant proffered a letter from an individual affiliated with VTC, confirming that the program remains committed to working with Defendant in the event he is released from custody. Counsel observed that following entering a guilty plea in this case in January 2026, the Court permitted Defendant to remain released on conditions pending sentencing, in part because of his progress and compliance with VTC. Counsel further noted that because of Defendant's success with VTC, his misdemeanor domestic assault case was dismissed following the completion of the diversionary program with the Knox County Sessions Court. She highlighted that when Defendant was arrested, he promptly reported his arrest to his pretrial services officer, reported as directed, and passed an alcohol screen on the date of his arrest. Counsel also proffered the letters of two individuals from his community who wrote of Defendant's commitment to following court orders.

Defendant asked the Court to take judicial notice that Middlebrook Pike is a main thoroughfare for Knox County and is a busy road. Defendant contended that on the day in question, he was running errands in his neighborhood and went to the Advanced Auto Parts closest to his home. Defendant said that he has memory issues and realized on his way home that he realized he had forgotten to buy windshield wiper fluid, so he turned around to go back to the store. Defendant submitted that on his way home from that second visit to the store he also stopped to buy a tin of chewing tobacco from Casey's. If released, Defendant offered an ankle monitor as a condition of release to ensure compliance with the order of protection. Defendant argued that the Court could not find that he had met the knowledge element of the crime of aggravated stalking, as he was running

errands on a busy road and did not knowingly violate the order of protection.

In response, the Government maintained that the Court could find that Defendant violated the order of protection and committed aggravated stalking because he knew that Ms. Martin has attended this church for the last twenty years, he used to attend with her, and he knew her schedule. The Government also noted that Defendant's explanations for why he was driving on Middlebrook Pike accounted for only three of the six times Ms. Martin saw Defendant drive past the church. The Government further asserted that he came around the church shortly after his ankle monitor was removed.

[*Id.* at 1–5 (citations and footnotes omitted)].

After the hearing, Judge McCook ordered briefing on the application of 18 U.S.C. §§ 3148 and 3143 to the instant matter [*Id.* at 5]. The parties filed their respective briefs on April 20, 2026 [*See* Docs. 28, 29].

Upon consideration of the record and the parties' arguments, Judge McCook recommended, regardless of whether analyzing the matter under § 3148 or § 3143, that the government's oral motion to revoke defendant's release pending sentencing be granted and that defendant be detained pending sentencing [Doc. 30, pp. 6–7, 9–11]. First, as to § 3148, Judge McCook determined that probable cause existed "to believe that, while on release pending sentencing, Defendant violated the order of protection . . . and committed aggravated stalking[,] . . . which is a class E felony" [*Id.* at 7]. Further, Judge McCook found that there was clear and convincing evidence that defendant violated a condition of release in the instant case, leading to the conclusion that defendant "is unlikely to abide by any condition or combination of conditions of release" [*Id.* at 9]. As to § 3143, Judge McCook incorporated her analysis of § 3148 and found

5

that defendant had not shown that he will not pose a danger to any other person, namely Ms. Martin [*Id.* at 10–11].

## II.     Standard of Review

The Court reviews *de novo* those portions of the R&R to which a defendant has objected.   28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b).   Accordingly, the Court considers the government's oral motion, the parties' post-hearing briefing, the R&R, defendant's objections, and the government's response to those objections, all in light of the applicable law.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute").   Each objection to a magistrate judge's recommendation should describe how the analysis is wrong, why it was wrong, and how *de novo* review warrants a different result on a particular issue.  *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  A general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effect[] as would a failure to object."  *Austin v. Comm'r of Soc. Sec.*, No. 1:19-cv-2380, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (citation omitted); *accord Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a

6

disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *United States v. Dawson*, No. 4:19-cr-206, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) (citations omitted) ("[T]he Court is under no obligation to review *de novo* objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.").

## III. Analysis

Defendant raises two objections to the R&R. First, defendant objects to Judge McCook's "overreliance on Ms. Martin's emotionally driven testimony" [Doc. 32, p. 3]. Second, defendant objects to Judge McCook's finding that there are no conditions or combination of conditions that will assure the safety of any other person or the community [*Id.* at 5].

In response, the government contends that "[i]t is unclear from the defendant's objections which parts of Ms. Martin's testimony were 'emotionally driven[,]'" but nevertheless, Judge McCook assessed the credibility of Ms. Martin at the time of the hearing and came to the correct conclusion regarding probable cause [Doc. 33, p. 2]. As to defendant's second objection, the government submits that defendant is "merely restating his argument from the revocation of pretrial release hearing . . . as well as his arguments in his post-hearing brief" [*Id.* at 1].

7

### A.      Overreliance on Emotional Testimony

As stated above, defendant first objects to Judge McCook's "overreliance on Ms. Martin's emotionally driven testimony" [Doc. 32, p. 3]. Foremost, the Court notes that objections to an R&R must be specific, and a specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (citation omitted); *accord United States v. Lang*, 652 F. Supp. 3d 820, 828 (E.D. Ky. 2023); Fed. R. Crim. P. 59(b)(2). Despite this "duty to pinpoint those portions of the magistrate's report that the district court must specially consider[,]" *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation omitted), defendant here has failed to identify where in the R&R Judge McCook supposedly over-relied on Ms. Martin's "emotionally driven testimony."

Moreover, defendant appears to submit that Ms. Martin's testimony was particularly emotional as she, during the hearing, made "extreme allegations against Mr. Martin regarding activity during their marriage" and "voiced her dissatisfaction with Knox County's decision to dismiss Mr. Martin's domestic assault charge" [Doc. 32, p. 3]. However, none of this testimony was cited by Judge McCook in the making of her findings [*See* Doc. 30, pp. 7–11]. For example, in her finding that defendant is unlikely to abide by any condition or combination of conditions of release, Judge McCook relied primarily on the fact that, shortly after defendant's ankle monitor was removed, he engaged in the relevant conduct and "incurred new charges while on release pending sentencing, which included alleged violation of a court order" [*Id.* at 9].

Even setting aside the deficiency of defendant's objection, the Court recognizes that such objection appears to largely relate to a determination of Ms. Martin's credibility. Specifically, defendant appears to contend that Judge McCook overly credited Ms. Martin's testimony when making her recommendations, and that this crediting was improper given the "emotional" nature of Ms. Martin's testimony.

To the extent, if at all, Judge McCook's findings and recommendations rested upon the evaluation of Ms. Martin's credibility, "the district court is not required to rehear the testimony in order to conduct a de novo determination of the issues." *United States v. Johnson*, No. 10-20176, 2011 WL 3844194, at *2 (W.D. Tenn. Aug. 30, 2011) (quoting *United States v. Bermudez*, 228 F.3d 424, 2000 WL 1871676, at *3 (6th Cir. Dec. 11, 2000)). And in fact, "[i]t has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations." *United States v. Caldwell*, No. 1:13-CR-128, 2015 WL 179583, at *2 (E.D. Tenn. Jan. 14, 2015). Here, Judge McCook was the best equipped to make credibility determinations as she, serving as the fact finder, "ha[d] the opportunity to observe and to hear the witnesses and assess their demeanor" firsthand. *United States v. Carter*, No. 4:17-CR-11, 2018 WL 707602, at *1 (E.D. Tenn. Feb. 5, 2018) (citations omitted). Thus, her credibility determinations "are entitled to deference." *United States v. Trenell*, No. 2:22-CV-20051, 2023 WL 1965279, at *3 (W.D. Tenn. Feb. 13, 2023) (citation omitted); *accord Carter*, 2018 WL 707602, at *1.

Upon review of the record, and the analysis provided in the R&R, the Court finds no reason to question Judge McCook's assessment of Ms. Martin's credibility, even considering the particular testimony highlighted by defendant. *See United States v. Robinson*, No. 1:07-CR-1, 2007 WL 2138635, at *1 (E.D. Tenn. July 23, 2007) (citations omitted) ("Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment.") Accordingly, the Court sees no reason to disturb Judge McCook's recommendations, and therefore, defendant's objection here is **OVERRULED**.

### B. Conditions or Combination of Conditions to Assure Safety

Next, defendant objects to Judge McCook's finding that "there are no conditions or combination of conditions that will assure the safety of any other person or the community" [Doc. 32, p. 5]. In support of this objection, defendant submits two primary arguments [*Id.* at 4]. First, defendant provides that "the government's own witness testified that at all times during which [defendant] was subject to GPS monitoring, he abided by those restrictions" [*Id.*]. Second, defendant submits that the proof and testimony at the April 8, 2026, hearing showed that defendant "followed all terms of his Knox County probation and judicial diversion terms, leading to the dismissal of his misdemeanor Knox County charge" [*Id.* at 4–5].

As noted by the government [Doc. 33, p. 1], and as the Court finds here, defendant's arguments under this objection are merely reiterations of the arguments he

10

made before Judge McCook and which Judge McCook already considered [*See* Doc. 28, p. 6 ("The government's own witness testified that at all times during which Mr. Martin was subject to GPS monitoring, he abided by those restrictions."); *Id.* at 5 ("Mr. Martin proffered that on January 22, 2026, he successfully completed judicial diversion with no violations on a misdemeanor domestic assault charge.  Due to his successful completion of judicial diversion, the misdemeanor domestic assault charge was dismissed."); Doc. 30, p. 4 (stating that, at the detention hearing, defense counsel "further noted that because of [d]efendant's success with VTC, his misdemeanor domestic assault case was dismissed following the completion of the diversionary program with Knox County Sessions Court")].

"Courts in the Sixth Circuit have routinely held that objections that merely restate the arguments previously presented are improper."  *D.S. by R.S. v. Knox Cnty.*, No. 3:20-CV-240, 2022 WL 885851, at *10 (E.D. Tenn. Mar. 25, 2022) (citations omitted); *accord VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than . . . simply summarize[ ] what has been presented before[ ] is not an 'objection' as that term is used in th[e] context" of 28 U.S.C. § 636(b)."); *United States v. Barbour*, 750 F. Supp. 3d 844, 850 (E.D. Tenn. 2024) (citations omitted) (finding the government's objection to be waived to the extent it "simply reiterate[d] its previous arguments"); *United States v. Cornell*, No. 1:15-CR-12, 2024 WL 3668469, at *2 (S.D. Ohio Aug. 6, 2024) ("[T]he filing of objections is not an opportunity to repeat

11

prior arguments[.]"). Accordingly, as it is improper, defendant's objection here is **OVERRULED**.

## IV. Conclusion

For the reasons set forth above, and upon a careful and *de novo* review of the record and the law, the Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 30] in whole. Defendant's objections [Doc. 32] are **OVERRULED**, and the government's oral motion to revoke defendant's release pending sentencing is **GRANTED**. Accordingly, defendant's release pending sentencing is hereby revoked, and defendant is to be detained pending sentencing in this case. Thus, it is **ORDERED** that defendant be remanded to the custody of the United States Marshal to await further proceedings and committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal; that defendant be afforded a reasonable opportunity for private consultations with defense counsel; and that on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE